### CITY OF KISSIMMEE v. MARATHON AVIATION KISSIMMEE, Inc., et al.

No. 2756-72.

Circuit Court, Osceola County.

March 19 1973.

Edward Brinson of Brinson & Smith, Kissimmee, for the plaintiff.

Elting L. Storms of Storms, Pappas & Krasny, Melbourne, for the defendants.

ROGER A. BARKER, Circuit Judge.

*Final judgment:* This matter came on for trial without a jury. The court finds from the pleadings and evidence that it has jurisdiction of the subject matter and of the parties.

On October 13, 1972, the city of Kissimmee initiated an action to remove the defendants from the Kissimmee Airport. In its complaint for removal of tenants the city alleged the defendants were in possession under a purported written lease whose terms commenced March 1, 1972, and that under the terms of the lease a substantial amount of rent was unpaid.

The defendants denied the allegations and counterclaimed for a declaratory judgment declaring a lease between the parties dated February 7, 1962, to be valid and binding upon the parties.

From the greater weight of the evidence the court finds that the plaintiff's removal of tenant action is not supported by the evidence and, therefore, the same should be dismissed for the reasons set out hereinafter.

The evidence reveals the parties entered into a written lease agreement dated February 7, 1962, for a term of ten years commencing March 1, 1962. Under the terms of the written lease is a provision for an option to renew which provides as follows —

> "Section 2. If this lease is not cancelled or terminated within the said ten-year period as above authorized, Marathon shall have the option to renew this lease for another ten (10) year period on the same terms and conditions as provided herein, subject to F.A.A. consent."

On July 31, 1970, Marathon wrote a letter to the city indicating it wished to exercise its option to renew the lease because it wished to obtain financing of buildings in anticipation of the opening of Disney World. The city initiated a series of maneuvers leading toward an attempt to re-negotiate the extended ten year term on a basis more financially favorable to the city. After many months of negotiations and drafting and re-drafting of a proposed lease Marathon suddenly terminated the negotiations and on February 16, 1972, wrote the following letter to the city —

> "Please be advised under the lease between the City of Kissimmee and Marathon Aviation Kissimmee, Inc., dated the seventh day of February, 1962, Marathon Aviation Kissimmee, Inc., will renew the option stated in Section 2."

At no time has the F.A.A. given its consent for the renewal of the lease nor has its consent been sought by any of the parties.

After March 1, 1972, Marathon remained in possession of the lands covered by its original leasehold interest. It tendered the city the same monthly rentals as it paid under the terms of the

original lease. The city accepted several monthly payments and then finally notified Marathon it was crediting such payments upon an alleged new written lease.

The evidence further discloses that shortly before February 16, 1972, a new negotiated lease was prepared in accordance with the verbal understanding of the city and Marathon. The city council approved it and caused it to be signed and tendered to Marathon. Marathon then rejected the same and wrote its letter of February 16, 1972, announcing its exercise of the option contained in Section 2 of the original lease. Because Marathon failed to sign the new lease there was no new lease as a matter of law.

Based on the foregoing it is adjudged as follows —

(1) The removal action by the city of Kissimmee is dismissed with prejudice with the defendants having their costs, if any, and departing hence without day.

(2) There has been no effective renewal of the lease of February 7, 1962, because the plain, unambiguous terms of Section 2 expressly makes the option to renew contingent upon the consent of the F.A.A., and there was no such consent obtained. Therefore, the defendants have been occupying the airport property since March 1, 1972, as tenants at will on a month-to-month basis at a rental as provided in the lease dated February 7, 1962.